UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-20-00161 |
| | § | |
| | § | |
| JESUS LEONARDO ESQUIVEL CARRIZALES | § | |
| *in custody* | | |

## Memorandum Opinion and Order

Pending before the court is motion in limine filed by defendant Jesus Leonardo Esquivel-Carrizales.  Dkt. 87.  After reviewing the motion, response, and applicable law, the court is of the opinion the motion should be GRANTED IN PART AND DENIED IN PART.

### I. BACKGROUND

Esquivel-Carrizales is charged with (1) conspiracy to possess with the intent to distribute a controlled substance; and (2) possession with intent to distribute a controlled substance.  Dkt. 1.  The indictment relates to a traffic stop that occurred in December 2018.  *Id.*  Esquivel-Carrizales was also involved in a traffic stop is Mississippi on May 17, 2018.  Dkt. 74.  In May 2018, he was driving a Volkswagen Passat with paper tags on I-10 in Mississippi, and an officer stopped him because the temporary tag on the vehicle was flapping in the wind and thus unreadable.  *Id.*  The officer found bundles of currency totaling approximately $157,000 in an aftermarket compartment in the vehicle.  *Id.*  Esquivel-Carrizales denied knowing about the currency.  *Id.*  Esquivel-Carrizales filed a motion to suppress all evidence related to this traffic stop; after holding a hearing on the motion to suppress, the court denied the motion to suppress evidence prior to the officer

1

discovering the money and placing Esquivel-Carrizales in handcuffs and suppressed all evidence related to the stop after Esquivel-Carrizales was placed in handcuffs. *See id.*

This case is set for trial by jury on October 18, 2021. Dkt. 81. Esquivel-Carrizales filed a motion in limine in which he requests that the court prohibit the Government from (1) presenting evidence related to the traffic stop in Mississippi in May 2018; (2) exclude any other evidence about which the Government has failed to provide notice as required by Federal Rule of Evidence 404(b); (3) exclude evidence related to his citizenship and immigration status; (4) exclude evidence related to gangs; (5) exclude evidence about the defendant or any alleged co-conspirator fitting the profile of a member of a drug-trafficking organization; and (6) prohibit the several items listed in the court's standing order in limine for civil cases. Dkt. 87. The Government filed a response in which it states that it agrees to approach the bench for discussion outside the presence of the jury prior to presenting evidence related to (1) alienage or citizenship and immigration; (2) drug trafficking profile evidence; and (3) references to pretrial motions or matter. Dkt. 99. The Government, however, is opposed to the motion in limine to the extent it seeks exclusion of all evidence related to the May 2018 traffic stop. *Id.*

## II. LEGAL STANDARD

Esquivel-Carrizales specifically requests that the court to prohibit the Government from presenting certain categories of evidence during trial and from mentioning them during opening, closing, or while questioning witnesses. Dkt. 87. He requests "at the very least, . . . that the Court prohibit the government from mentioning or presenting these categories of evidence without first approaching the bench and obtaining a ruling from the Court." *Id.* Generally, if a motion in limine is granted, it "merely requires a party to obtain the trial court's permission, at the bench or otherwise outside the jury's presence, before asking potentially prejudicial questions or

2

introducing potentially prejudicial evidence." *Westview Drive Invs. v. Landmark Am. Ins. Co.*, 522 S.W.3d 583, 600 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). This is exactly how the court's standing order in limine, which is automatically in effect in civil cases, is structured. *See* Standing Order in Limine (updated May 12, 2021), https://www.txs.uscourts.gov/content/senior-united-states-district-judge-gray-h-miller (requiring counsel to approach the bench to secure a ruling before referring to topics listed in the order). Granting a motion is limine "is considered discretionary." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005).

Under Federal Rule of Evidence 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). In a criminal case, the prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it." *Id.*

Courts in the Fifth Circuit apply a two-part test to determine whether evidence is admissible under Rule 404(b). *United States v. Kinchen*, 729 F.3d 466, 471 (5th Cir. 2013) (referring to the standard originally set forth in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)). First, the court must determine if the evidence is relevant to an issue other than the defendant's character; then, it considers whether the evidence possesses probative value that is not substantially outweighed by undue prejudice as well as the other requirements of Federal Rule of Evidence 403. *Id.* Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid.

3

401; *Kinchen*, 729 F.3d at 472; *Beechum*, 582 F.2d at 911.  For the second prong, the court considers "(1) the government's need for the extrinsic evidence, (2) the similarity between the extrinsic and charged offenses, (3) the amount of time separating the two offenses, and (4) the court's limiting instructions."  *Kinchen*, 729 F.3d at 473.  "The inquiry 'calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense.'"  *Id.* (quoting *Beechum*, 582 F.2d at 914).

## III. ANALYSIS

First, the Government indicates that it is unopposed to the motion insofar as it seeks an order requiring the parties approach the bench prior to offering evidence of (1) alienage or citizenship and immigration; (2) drug trafficking profile evidence; and (3) references to pretrial motions or matters.  Because the motion in limine is unopposed with regard to these requests, it is GRANTED AS UNOPPOSED.  The parties shall approach the bench before asking questions about or offering evidence about (1) alienage or citizenship and immigration; (2) drug trafficking profile evidence; and (3) and pretrial motions or matters.

The Government does not address the requests to exclude (1) evidence of extrinsic acts for which it did not provide notice under Rule 404(b); (2) evidence of gang related activity or gang affiliation; and (3) references to counsel's personal opinion regarding the credibility of any witness.  *See* Dkts. 87, 99.  First, the Rules of Evidence clearly require Rule 404(b) notice, so the motion is GRANTED with regard to any Rule 404(b) evidence about which the Government failed to provide notice.  Second, the court agrees with Esquivel-Carrizales that there is a possibility that evidence about gang-related activity or affiliation could be more prejudicial than probative, and it therefore GRANTS the motion in limine to the extent Esquivel-Carrizales requests that the Government be required to approach the bench before asking questions about or offering evidence

4

related to gang affiliation or activity.  Third, counsel should not offer personal opinions about witnesses' credibility, and if counsel believes counsel's opinion is somehow relevant, counsel must approach the bench and convince the court prior to offering them.  Thus, the motion in limine is also GRANTED as to counsel's opinions about credibility.

The court now turns to the traffic stop on May 17, 2018, which is the only remaining issue addressed by the motion in limine and response.  On September 19, 2021, the Government filed a notice pursuant to Rule 404(b) that it intends to offer evidence that Esquivel-Carrizales was stopped in Mississippi while driving a Volkswagen Passat with a paper tag on or about May 17, 2018, and that the vehicle was searched, and 31 bundles of bulk cash currency valued at $157,030.00 were discovered inside the vehicle.[1]  Dkt. 88.

Esquivel-Carrizales first objects that this evidence is not relevant.  Dkt. 88.  The Government asserts that it is relevant because it shows that Esquivel-Carrizales was not present by accident or mistake in December 2018.  Dkt. 99.  The Government contends it is using the evidence to help prove Esquivel-Carrizales's knowledge and intent.  *Id.*  The court agrees with the Government that the fact Esquivel-Carrizales was stopped in a similar vehicle just six months prior to the December 2018 stop and that there was a great deal of cash in an after-market compartment about which Esquivel-Carrizales denied knowledge tends to make his intent and knowledge in December 2018 more probable, and the Government must prove intent and knowledge to make its case.  Thus, the evidence is relevant, and it is relevant to an issue other than Esquivel-Carrizales's character.

---

[1] The notice also indicates the Government may offer evidence of citizenship status, though it does not intend to do so in its case in chief.  Dkt. 88.

The next step in the analysis is to determine whether the probative value of the evidence is substantially outweighed by undue prejudice. Esquivel-Carrizales contends the circumstances surrounding the May 2018 stop were very different than those surrounding the December 2018 stop, as the vehicle stopped in May was stopped on the freeway due to a flapping paper tag and the vehicle stopped in December 2018 was stopped after surveillance at a shopping center. Dkt. 87. Esquivel-Carrizales also notes that the stops were 5.5 months apart, which Esquivel-Carrizales characterizes as far removed from the December 2018 stop, and that this trial is not about the May 2018 stop. *Id.* The Government accentuates what it considers to be a short amount of time between the stops, citing an unpublished Fifth Circuit case in which the Fifth Circuit concluded that evidence that the defendant was involved in money smuggling was somewhat probative of knowledge and intent to traffic narcotics because it tended to show familiarity with operations, that the two events did not have to have similar physical elements, and that the events were "temporally significant" because they were less than a year apart. Dkt. 99 (citing *United States v. Martinez*, 685 F. App'x 306, 310–11 (5th Cir. 2017)).

The court finds that evidence of the May 2018 stop's probative value is not substantially outweighed by undue prejudice. The Government needs the extrinsic evidence to show Esquivel-Carrizales's knowledge and intent, the two stops are similar in that the defendant was in the same type of vehicle with paper tags both times, and the amount of time separating the offenses is relatively close. The fact that Esquivel-Carrizales was stopped in the same type of vehicle with paper tags about six months earlier and had a large amount of cash makes it more probable that it was not a mistake that he was not in this same type of vehicle that is allegedly involved in narcotics in December 2018.

The evidence that has not been suppressed relating to the May 2018 stop is admissible Rule 404(b) evidence.  Esquivel-Carrizales's motion in limine related to the May 2018 stop is therefore DENIED.

## IV. CONCLUSION

Esquivel-Carrizales's motion in limine is GRANTED IN PART AND DENIED IN PART. It is DENIED with respect to request to require counsel to approach the bench before referring to evidence that has not been suppressed from the May 2018 traffic stop.  It is GRANTED with regard to his other requests in that counsel must approach the bench before asking questions about or offering evidence relating to the other topics outlined in Esquivel-Carrizales's motion.

Signed at Houston, Texas on October 7, 2021.

Gray H. Miller
Senior United States District Judge

7